## In re SEAESCAPE CRUISES, LIMITED, Debtor.

### Bankruptcy No. 91–11121–BKC–PGH.

United States Bankruptcy Court,
S.D. Florida.

Oct. 7, 1996.

Robert A. Angueria, Assistant United States Trustee, Miami, FL.

Mel Lamelas, Schantz, Schatzman & Aaronson P.A., Miami, FL, for debtor.

David Levine, McDermott, Will & Emery, Miami, FL.

## MEMORANDUM OPINION AND ORDER DIRECTING DEBTOR TO PAY UNITED STATES TRUSTEE'S FEES

PAUL HYMAN, Jr., Bankruptcy Judge.

This matter came before the Court upon the Debtor's, SeaEscape Cruises, Limited ("SeaEscape"), *Ex Parte* Emergency Motion For Entry of Final Decree and the United States Trustee's ("U.S. Trustee") objections to SeaEscape's motion. The U.S. Trustee

contends that SeaEscape owes post-confirmation quarterly fees to the U.S. Trustee for the first quarter of 1996 pursuant to 28 U.S.C. § 1930(a)(6) as amended by the Balanced Budget Downpayment Act. Pub.L. 104–99, § 211, 110 Stat. 26, 37–38 (1996). This Court must determine whether SeaEscape is liable to the U.S. Trustee for fees.

## BACKGROUND

SeaEscape Cruises, Limited, the Debtor in this case, filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on March 18, 1991. The Plan of Reorganization was confirmed by the Court on October 30, 1992, and substantial consummation of the plan occurred thirty days thereafter. On February 21, 1996, SeaEscape filed its Final Report of Estate By Debtor/Committee and Motion For Final Decree Closing Case (the "Final Report") and the U.S. Trustee filed a Notice Of No Objection To Entry Of Final Decree Closing Case on March 21, 1996. The case was not closed, however, because it was being held open by the Clerk of the Court for administrative purposes due to a pending appeal.

In June 1996, SeaEscape filed a second petition for relief under Chapter 11. Because its first bankruptcy case had not yet closed, SeaEscape filed an *Ex Parte* Emergency Motion For Entry of Final Decree on June 6, 1996. Five days after SeaEscape's Emergency Motion, the U.S. Trustee withdrew its Notice of No Objection and filed objections to SeaEscape's Final Report with the Court. A hearing was held on July 18, 1996. At the hearing the Court granted SeaEscape's Motion For Final Decree[1] and took under advisement the issue of whether any post-confirmation fees were due to the U.S. Trustee.[2]

The U.S. Trustee contends that a Final Decree cannot be entered because the recent amendment to Section 1930(a)(6), effective as of January 26, 1996 (the "Amended Statute"), requires debtors with cases pending under Chapter 11 to remit post-confirmation quarterly fees until the case is either converted, dismissed, or closed. Prior to January 26, 1996, Section 1930(a)(6) provided that U.S. Trustee fees terminated not only when a case was converted or dismissed, but also when a plan of reorganization was confirmed. SeaEscape argues that the Amended Statute violates its substantive due process rights because it is now required to pay fees, which SeaEscape never contemplated paying, more than three years after confirmation of its Plan of Reorganization. In addition, SeaEscape argues that even if the statute is constitutional, it is only liable for fees calculated on disbursements made by the estate and not by the reorganized debtor.

## DISCUSSION

Prior to the amendment to 28 U.S.C. § 1930(a)(6), a Chapter 11 debtor was not required to pay U.S. Trustee fees after a plan of reorganization was confirmed. On January 26, 1996, Congress amended the statute thereby permitting the U.S. Trustee to collect fees until a Chapter 11 case is either converted, dismissed, or closed. The legislative history of the Amended Statute shows that Congress intended the Amended Statute to apply to debtors with confirmed plans as of the effective date. Furthermore, several courts have examined the legislative history and have reached this same conclusion. *In re Foxcroft Square Co.*, 198 B.R. 99 (Bankr.E.D.Pa.1996); *In the Matter of Upton Printing*, 197 B.R. 616 (Bankr.E.D.La. 1996); *In re Central Florida Electric, Inc.*, 197 B.R. 380 (Bankr.M.D.Fla.1996). *Contra In re C n' B of Florida, Inc.*, 198 B.R. 836 (Bankr.M.D.Fla.1996); *In re Precision Autocraft, Inc.*, 197 B.R. 901 (Bankr.W.D.Wash. 1996). Finally, the Court does not find that the imposition of a quarterly U.S. Trustee fee on pending Chapter 11 cases with confirmed plans gives rise to an unconstitutional taking of property. *In re Prines*, 867 F.2d 478, 485 (8th Cir.1989) (holding that application of the quarterly fee provision to pending

---

**1.** The Final Decree was entered on August 27, 1996.

**2.** Because the Debtor filed a subsequent petition for relief under Chapter 11 during the second quarter of 1996, the UST is seeking payment for fees owing in this case only for the first quarter of 1996.

cases in the U.S. Trustee pilot program does not amount to an unconstitutional taking). *See also In re Foxcroft Square Co.,* 198 B.R. 99 (Bankr.E.D.Pa.1996) (agreeing with the *Prines* court that imposition of U.S. Trustee fees upon pending cases was analogous to an increase in fees, taxes, or other assessments during the course of a case).

The United States Trustee System Fund was created by Congress to insure that the United States Trustee Program would be "self-funded by the users of the bankruptcy system—at no cost to the taxpayer." H.R.Rep. 764, 99th Cong., 2d Sess. 22. *See In re Prines.* The quarterly fee provision found at 28 U.S.C. § 1930(a)(6) establishes a sliding scale for U.S. Trustee fees based upon the total amount of quarterly disbursements made by the bankruptcy estate in Chapter 11 cases. The term 'disbursements' includes all payments made by the bankruptcy estate. *Saint Angelo v. Victoria Farms, Inc.,* 38 F.3d 1525, 1534 (9th Cir.1994); *In re Betwell Oil and Gas Co.,* 191 B.R. 954 (Bankr.S.D.Fla.1996). SeaEscape contends that if it is liable for any fees under the Amended Statute, then it is only liable for U.S. Trustee fees based upon disbursements made by the bankruptcy estate and not by the reorganized debtor. The Court agrees with SeaEscape.

■ A bankruptcy estate is created when a petition for relief is filed. 11 U.S.C. § 541. The bankruptcy estate is a separate legal entity. *In re Pace,* 67 F.3d 187, 192 (9th Cir.1995); *Elmwood Dry Dock and Repair v. H & A Co., Ltd.,* 1995 WL 686750 (E.D.La.1995). Upon a plan's confirmation and/or pursuant to the plan's terms, the bankruptcy estate's assets revest in the name of the reorganized debtor and are no longer part of the bankruptcy estate. 11 U.S.C. § 1141(b). *See also Security Bank of Marshalltown, Iowa v. Neiman,* 1 F.3d 687 (8th Cir.1993); *Greenheart Durawoods, Inc. v. PHF Int'l Corp.,* 1994 WL 652434 (S.D.N.Y. 1994). Therefore, any payments, distributions, or allocations made by a reorganized debtor after the plan's effective date, in the ordinary course of its business or otherwise, do not constitute 'disbursements' under Section 1930(a)(6) and cannot serve as a basis upon which the U.S. Trustee may calculate its fee. The U.S. Trustee may, however, calculate post-confirmation fees on any disbursements made by the bankruptcy estate after the plan's effective date. Such disbursements would include, for example, any payments made pursuant to a confirmed plan of reorganization. Of course, any disbursements made prior to a plan's effective date and after January 26, 1996, would be subject to U.S. Trustee fees.

Therefore, it is—

■ ORDERED that Sea Escape is directed to pay United States Trustee's Fees for the period beginning January 26, 1996, through the end of the first quarter of 1996 within twenty days from the date of this Order. Such fees shall be calculated by the United States Trustee based upon disbursements made by the bankruptcy estate and not by the reorganized debtor.