In re JAMKO, INC. d/b/a Shoe Bazaar, Tax ID# 59–1742840, Debtor.

Bankruptcy No. 96–20858–BKC–RBR.

United States Bankruptcy Court, S.D. Florida, Ft. Lauderdale Division.

Dec. 3, 1996.

Paul L. Orshan, Miami, FL, for Debtor.

Jay R. Indyke, New York City, for Creditors' Committee.

Chad P. Pugatch, Ft. Lauderdale, FL, for Creditors' Committee.

## ORDER CONFIRMING JAMKO, INC.'S SECOND AMENDED PLAN OF REORGANIZATION

RAYMOND B. RAY, Bankruptcy Judge.

A hearing was held on November 20, 1996, at 9:30 a.m., to consider the confirmation of the Second Amended Plan of Reorganization, dated September 12, 1996, filed by JAMKO, INC., under chapter 11 of the Bankruptcy Code (the "Plan").

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Plan having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that:

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

2. The provisions of chapter 11 of the Bankruptcy Code have been complied with and that the Plan has been proposed in good faith and not by any means forbidden by law; and

3. With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that are impaired under the Plan, and have not accepted the Plan; and

4. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

5. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor, after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy; and

6. The identity of any insider that will be employed or retained by the Debtor and compensation to such insider has been fully disclosed; and

7. The confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or further reorganization is proposed in the Plan; and,

8. The Florida Department of Revenue has withdrawn its Objection to Confirmation, pursuant to the agreement of the Debtor and the Florida Department of Revenue, the terms of which are reflected in this Order; and,

9. The allowed claim of Boca Glades has been increased to reflect unpaid post-petition rental and other obligations, pursuant to the agreement of the Debtor and Boca Glades,

the terms of which are reflected in this Order.

10. The Court takes note that the Debtor and the U.S. Trustee disagree regarding the application of the January, 1996 amendment to 28 U.S.C. § 1930(a)(6) concerning the payment of fees to the U.S. Trustee based on disbursements made post-confirmation.[1] Prior to the amendment, debtors were not required to pay fees to the U.S. Trustee once a chapter 11 plan was confirmed. The amendment obligates debtors to pay U.S. Trustee fees based on post-confirmation disbursements.

11. The parties disagree as to the definition of "disbursements." The Debtor contends that the only post-confirmation disbursements to which the fee applies are those made pursuant to the Debtor's Plan. In contrast, the U.S. Trustee argues that the fee should apply to all disbursements made by the reorganized debtor. For the following reasons, the Court agrees with the Debtor.

12. Decisional law provides some guidance as to the meaning of "disbursements" under § 1930(a)(6). In *In re Ozark Beverage Co, Inc.*, 105 B.R. 510 (Bankr.E.D.Mo.1989), the bankruptcy court concluded that "disbursements" includes not only post-petition payments made to pre-petition creditors, but encompasses all payments made for the operational expenses of the debtor-in-possession. In *Saint Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir.1994), *modified*, 46 F.3d 969 (9th Cir.1995), the court recognized that "disbursements" includes all payments from the "bankruptcy estate". This reasoning was adopted by the Bankruptcy Court for the Southern District of Florida in *In re Betwell Oil and Gas Company*, 191 B.R. 954 (Bankr. S.D.Fla.1996), in which Judge Mark determined that the U.S. Trustee fee only applies to disbursements made from property of the bankruptcy estate.

13. Section 1930(a) specifically refers to the "parties commencing a case" as the entity obligated to pay the required fees. Upon confirmation of a plan of reorganization, the bankruptcy estate, save for the payments to be made under the Plan, no longer exists and the reorganized debtor emerges. While the Court maintains limited jurisdiction, the reorganized debtor is no longer subject to the day-to-day administration by the court. The reorganized debtor is not required to file monthly reports with the court and no longer needs court permission to operate its business, hire professionals, or to seek or extend credit. Nor is there any monitoring or supervision required by the U.S. Trustee's office with regard to the reorganized debtor. As such, the reorganized debtor is not the equivalent of the party commencing a case under § 1930(a), and neither statute nor case law provides support for "taxing" this new entity for disbursements made in the day-to-day operation of its business.

14. The Court adopts the reasoning articulated by Judge Hyman in *In re SeaEscape Cruises, Limited*, 201 B.R. 321 (Bankr. S.D.Fla.1996):

A bankruptcy estate is created when a petition for relief is filed ... The bankruptcy estate is a separate legal entity ... Upon a plan's confirmation and/or pursuant to the plan's terms, the bankruptcy estate's assets revest in the name of the reorganized debtor and are no longer part of the bankruptcy estate ... **Therefore, any payments, distributions or allocations made by the reorganized debtor after the plan's effective date, in the ordinary course of its business or otherwise, do not constitute 'disbursements' under Section 1930(a)(6) and cannot serves as a basis upon which the U.S. trustee may calculate its fee.** The U.S. Trustee may, however, calculate post-confirmation fees on any disbursements made

1. 28 U.S.C. § 1930(a) states, in part, as follows:

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following fees: ...

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first.

by the bankruptcy estate after the plan's effective date. Such disbursements would include, for example, any payments made pursuant to a confirmed plan of reorganization.

*SeaEscape,* 201 B.R. at 323 (emphasis added.)

15. The Court finds that, pursuant to § 1930(a)(6), the reorganized debtor need only pay the U.S. Trustee fees on disbursements made pursuant to the Plan of Reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACTS AND CONCLUSIONS OF LAW, IT IS THEREFORE:

ORDERED that the Plan is amended as follows:

a) Priority Tax Claims are not a "class" of claim but shall be treated separately as unclassified claims.

b) Paragraph 4.1 of the Plan is amended to read as follows:

4.1 *Allowed Priority Tax Claims:* This class consists of holders of Allowed Tax Claims entitled to priority under section 507(a)(8) of the Code. Each holder of a Priority Tax Claim shall be paid on account of such Claim, deferred cash payments, monthly, over a period not to exceed six (6) years from the date of assessment of such Claim, of a value, as of the Effective Date, equal to the priority amount of such Allowed Claim, with interest payable at such rate as mandated by the Internal Revenue Code.

c) Paragraph 4.3 is amended to read as follows:

4.3 *Class 3—Allowed Claim of Boca Glades:* Boca Glades shall receive nine consecutive monthly payments of $4,488.83, which payments shall begin thirty days after the Effective Date.

ORDERED that the Plan is confirmed; and it is further

ORDERED that the Court shall retain jurisdiction as provided in the Plan until there is substantial consummation of the Plan; the Plan is modified if it calls for

retention of jurisdiction beyond that point; and it is further

ORDERED that the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period; and the Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements made by or on behalf of the Debtor pursuant to the Plan, until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period; and it is further

ORDERED that HOWARD J. BERLIN, ESQ., of KLUGER, PERETZ, KAPLAN & BERLIN, P.A., is named as Disbursing Agent without additional compensation; bond is waived; the disbursing agent is directed to make all first installment payments due on the Effective Date of the Plan. The disbursing agent shall, not later than sixty (60) days after this Order becomes final, file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form. Failure to timely file the Final Report of Estate and Motion for Final Decree Closing Case will result in the imposition of sanctions against the Debtor's counsel, which may include the return of attorney's fees.