**In re BETWELL OIL AND GAS COMPANY, Debtor.**

**Bankruptcy No. 93–14734–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

· Feb. 4, 1997.

Martin L. Sandler, Miami, Florida, for Debtor.

Amber Donner, Office of the Assistant U.S. Trustee, Miami, Florida.

## ORDER GRANTING IN PART MOTION BY UNITED STATES TRUSTEE TO COMPEL PAYMENT OF POST–CON-FIRMATION FEES

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted a hearing on May 23, 1996, on the Motion of United States Trustee to Compel Filing of Final Report of Estate by Debtor/Trustee and Motion for Final Decree Closing Case; Motion to Compel Payment of U.S. Trustee Fees ("Motion to Compel"). All issues raised in the Motion to Compel were resolved at the hearing except for a determination of what constitutes "disbursements" in calculating the reorganized debtor's obligation to pay post-confirmation quarterly fees to the United States Trustee ("UST"), as required by 28 U.S.C. § 1930(a)(6).

Unfortunately, in amending § 1930(a)(6)[1], effective January 27, 1996, Congress left open two important issues which have generated significant litigation.[2] This litigation has been expensive for debtors, a drain on the limited resources of the UST, a burden on the courts and of absolutely no benefit in the administration of bankruptcy cases. Neither the UST, parties in bankruptcy cases or the courts created the problem, but we have to deal with it until there is definitive law.

The first issue left open by the amendment was whether or not the amendment applied to cases confirmed before enactment of the law. Fortunately, Congress resolved that issue by a further amendment[3] which expressly states that the obligation to continue paying quarterly fees does apply to cases confirmed prior to the January, 1996 amendment.

Unfortunately, Congress did not clarify how to calculate or enforce the new post-confirmation obligation on parties no longer "in bankruptcy." Specifically, Congress did not resolve the question of what constitutes "disbursements" within the meaning of § 1930(a)(6). Under the most narrow interpretation, reorganized debtors would pay only the minimum fee. This view is derived from the concept that "disbursements" mean payments from a bankruptcy estate. Since property vests in the reorganized debtor on the effective date of a plan and is no longer property of the estate, there would be no post-confirmation "disbursements" under this

1. Section 1930(a)(6) was amended in the Balanced Budget Down payment Act, I, Publ.L. No. 104–99, Title II, § 211, 110 Stat. 37. The amended statute provides as follows:

    In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under Chapter 11 of title 11 for each quarter (including any fraction thereof) **until the case is converted or dismissed, whichever occurs first.**

    28 U.S.C. § 1930(a)(6) (emphasis added). The prior version provided in pertinent part:

    In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under Chapter 11 of title 11 for each quarter (including any fraction thereof) **until** *a plan is confirmed or* **the case is converted or dismissed, whichever occurs first.**

(emphasis added). The amendment simply deleted the phrase "a plan is confirmed or". Therefore, the amendment now provides for payment of fees to the UST after a plan has been confirmed.

2. For a discussion of several of the published decisions, *see* Brian Caldwell, "Quarterly Fees: No Quarter Given," 12 *Norton Bankruptcy Law Advisor* pp. 11–13 (Dec.1996).

3. H.R. 3610, signed into law on September 30, 1996 (Public Law 104–208) provides that 28 U.S.C. § 1930(a)(6) is amended to read "Provided further, that notwithstanding any other provision of law, the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996 in *all cases* ..." (emphasis added).

interpretation, and the UST would be entitled to only the minimum fee post-confirmation until entry of a final decree.

At the other end of the spectrum is the UST's broad interpretation under which all monies spent by a reorganized debtor would be deemed "disbursements," whether made pursuant to a plan or made in the operation of the reorganized debtor's business.

Recently, two judges in this district have adopted a middle view holding that the only post-confirmation payments which constitute "disbursements" under § 1930(a)(6) are those payments made pursuant to the debtor's plan. *In re SeaEscape Cruises, Ltd.*, 201 B.R. 321 (Bankr.S.D.Fla.1996) (Bankruptcy Judge Hyman); *In re Jamko, Inc., Order Confirming Jamko, Inc.'s Second Amended Plan of Reorganization*, Case No. 96–20858–BKC–RBR (Bankr.S.D.Fla. Dec. 2, 1996) (Bankruptcy Judge Ray). This Court agrees with and adopts the holdings in *SeaEscape* and *Jamko*, finding these decisions to be fair and consistent with a reasonable interpretation of the post-confirmation quarterly fee obligations Congress has imposed on reorganized debtors.

This Court has previously held in this case that UST fees only apply to disbursements made from property of the bankruptcy estate. *In re Betwell Oil & Gas Company*, 191 B.R. 954 (Bankr.S.D.Fla.1996). Therefore, as discussed by both Judge Ray and Judge Hyman, payments made in the general operation of a post-confirmation debtor's business do not constitute disbursements of property of the estate and therefore, are not, and should not be, subject to the quarterly fee.

Arguably, as the "minimum payment only" proponents suggest, even the payments made by a reorganized debtor pursuant to a plan are not "disbursements" since even these monies are being paid by a reorganized debtor and not from property which is still part of a bankruptcy estate. However, to give any meaning to the post-confirmation obligation imposed by Congress, the fees should be calculated against disbursements made pursuant to a plan. The example of a liquidating plan demonstrates the logic of this approach. In a liquidating plan it is not unusual for some assets to be liquidated post-

confirmation to provide additional payments to creditors. In such a case, payments from assets liquidated pre-confirmation would clearly be disbursements subject to the UST quarterly fee. It makes no sense to hold that the post-confirmation payments made from the liquidation of the remaining assets are *not* disbursements just because the remaining assets were vested in a reorganized debtor or liquidating trust at confirmation.

Why not adopt the U.S. Trustee's view and treat all post-confirmation payments as "disbursements" until the case is closed? First, it would be grossly unfair to tax the general business operations of a reorganized debtor. Upon the effective date of a plan, except for the limited jurisdiction reserved by the Court under the plan and under the Bankruptcy Code, the reorganized debtor is and should be "out of bankruptcy." If a debtor is no longer operating under court supervision, why would Congress intend for its general business operations to be taxed for the benefit of the UST? Neither, the UST or the Bankruptcy Court is involved in the business operations of the reorganized debtor, except to the extent of insuring that the plan is consummated.

During a Chapter 11 case, the debtor-in-possession's quarterly obligations to the UST are calculated from the operating reports which the debtor-in-possession must file. No operating reports are required after the entry of a confirmation order and there is nothing in the Bankruptcy Code or the amendment to § 1930(a)(6) that provides any authority to compel a debtor to file any such reports with either the Court or the UST.

If the UST's position was adopted, the Bankruptcy Court would be required to monitor the post-confirmation financial operations of a reorganized debtor to insure that a proper accounting is given to the UST each quarter and a proper payment is made to the UST each quarter, until entry of a final decree. The only way to do so would be to require court supervision and operating reports which are not required by statute or rule. Absent further direction from Congress (or from a higher court) this Court will not impose additional requirements on reorganized debtors.

In sum, this Court concludes that post-confirmation UST fees should be calculated and paid on only those payments made by the reorganized debtor pursuant to its plan of reorganization. The reorganized debtor must account for these payments under the present statutory requirements in order to demonstrate substantial consummation of its plan and obtain a final decree. Moreover, this interpretation gives fair meaning to the amendments to § 1930 without working a gross injustice on those individuals, partnerships and corporations who successfully navigate the difficult waters of Chapter 11, obtain confirmation of their plans of reorganization, and rightfully believe and expect that they can now go about their business without continued court supervision.

For the foregoing reasons, it is—

ORDERED as follows:

1. The UST's Motion to Compel is granted in part. Betwell shall pay the UST post-confirmation quarterly fees for the quarters prior to entry of the final decree, calculated only against payments made by the reorganized debtor pursuant to its plan of reorganization.

2. The Court reserves jurisdiction to enforce this Order.

DONE AND ORDERED.