**In re INDIAN CREEK LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. B–90–12256–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Feb. 21, 1997.

Stephen C. Stapleton, Munsch Hardt Kopf Harr & Dinan, Dallas, TX, for Debtor.

Christopher J. Pattock, Attorney Advisor, United States Trustee's Office, Phoenix, AZ.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Reorganized Debtor's Application for Final Decree. A hearing was held February 3, 1997 after which the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. Indian Creek Limited Partnership filed a voluntary Chapter 11 Bankruptcy petition on November 16, 1990.

2. On July 17, 1992, the Court entered an Order confirming the Debtor's Third Amended Plan of Reorganization, as Modified.

3. The Debtor filed a Post–Confirmation Final Report on September 17, 1996. The Final Report indicates that the Plan was substantially consummated on July 21, 1992, which is the estimated date of the final payment under the Plan.

4. The Debtor filed an Application for Final Decree on December 13, 1996 requesting that the Court enter the Final Decree and close the case.

5. The United States Trustee filed a Response to the Debtor's Application for Final Decree on December 17, 1996. The United States Trustee argued that the post-confirmation quarterly fees and reports, as required by the 1996 amendments to 28 U.S.C. § 1930[1], had not been paid and requested that the Court order the Debtor to comply with 28 U.S.C. § 1930(a)(6) by filing its post-confirmation quarterly reports and paying its post-confirmation quarterly fees.[2]

The Court notes that there has been a substantial amount of litigation on the issue of United States Trustee post-confirmation fees since the January 1996 and September 1996 amendments to 28 U.S.C. § 1930(a)(6). The reported opinions have involved and detailed a number of different issues ranging from the applicability of the amendments to plans which had been confirmed before the effective date of the amendments to how to calculate or enforce the newly enacted post-confirmation obligation. *See generally, In re Betwell Oil & Gas Co.*, 204 B.R. 817 (Bankr. S.D.Fla.1997) (Post-confirmation United States Trustee fees should be paid and calculated based only on those disbursements made by the reorganized debtor pursuant to the confirmed plan); *Gryphon at the Stone Mansion v. United States Trustee (In re Gryphon at the Stone Mansion)*, 204 B.R. 460 (Bankr.W.D.Pa.1997) (Post-confirmation United States Trustee fees cannot be collected or enforced through the bankruptcy court because the court does not have jurisdiction to collect the fees); *In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260 (Bankr. S.D.Ohio 1996) (Final decree adjudicates no rights of the parties and is merely an admin-

---

**1.** 28 U.S.C. § 1930(a)(6) was amended on January 26, 1996 (effective January 27, 1996). Section 1930(a)(6) concerns the payment of quarterly fees to the United States Trustee in Chapter 11 Bankruptcy cases. The January 1996 amendment deleted the reference to plan confirmation as a termination of the requirement to pay the quarterly fees, and requires that the quarterly fee be paid post-confirmation until the case is converted or dismissed.

Following a number of cases indicating that there was not a clear indication of Congress' intent regarding whether the amendment to 28 U.S.C. § 1930(a)(6) was intended to be retroactive, on September 30, 1996, Congress again amended section 1930. The September 1996

amendment provides: "notwithstanding any other provision of law, the fees under 28 U.S.C. 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including without limitation, any cases pending as of that date), regardless of confirmation status of their plans."

**2.** The Court notes that the United States Trustee is not objecting to the entry of the Final Decree for failure to pay the post-confirmation quarterly fees and file the post-confirmation quarterly reports, but has only requested that the Court order the Debtor to comply by payment of the Trustee fees.

istrative step in the clerk's office; post-confirmation fees cannot be collected in case where substantial consummation of plan occurred before effective date of amendments to § 1930); and *In re McLean Square Assoc., G.P.*, 201 B.R. 436 (Bankr.E.D.Va.1996) (The 1996 amendments to § 1930 make it clear that the United States Trustee post-confirmation fees are to be paid in all Chapter 11 cases notwithstanding the status of the plan confirmation).[3] The Court deems that none of the reported cases represent controlling authority in the District of Arizona, and therefore serve only as non-binding authority.

The Court further notes there remain a number of issues which have not been conclusively resolved by the courts dealing with the litigation over the recent amendments to 28 U.S.C. 1930(a)(6). The unresolved issues include: 1) which entity is responsible for payment of the post-confirmation quarterly fees and the filing of the reports; 2) whether the plan may be amended by the United States Trustee to impose such an additional fee after the Plan has been confirmed and substantially consummated; and 3) whether there are remaining constitutional issues involving due process and separation of powers. The Court finds and concludes that these issues need not be determined in order to resolve the pending dispute before the Court.

### 1. Entry of Final Decree

 The Court finds and concludes on this record and the undisputed facts that the recent amendments to 28 U.S.C. § 1930 do not expressly modify any other portion of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure ("FRBP") and therefore the requirements for the entry of a final decree remain unchanged in spite of the enactment of the 1996 amendments to 28 U.S.C. § 1930(a)(6). Accordingly, FRBP 3022 states, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, *shall* enter a final decree closing the case." (Emphasis added). This Court concludes that FRBP 3022 is a mandatory obligation on the Bankruptcy Court and once the Debtor meets the "fully administered" requirement of FRBP 3022, the Court cannot condition the entry of a final decree based on an additional requirement for the payment of post-confirmation quarterly fees to the United States Trustee. The amendment to 28 U.S.C. § 1930 after the confirmation order has become final does not change the right of the Debtor to a final decree. *In re Precision Autocraft, Inc.*, 197 B.R. 901, 908 (Bankr.W.D.Wash.1996);[4] *Cf., In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr.S.D.Ohio 1996) (The final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the fully administered case file. The final decree is rarely entered at the exact point in time when a case becomes fully administered).

 The Bankruptcy Code does not define the term "fully administered," but the Advisory Committee Note to FRBP 3022 indicates that there are a number of factors to be considered, however, the only preconditions to the entry of a final decree are those relating to the plan and/or the order of con-

---

**3.** Additional cases in the wake of the § 1930 post-confirmation fee amendments include: *SeaEscape Cruises, Ltd.*, 201 B.R. 321 (Bankr. S.D.Fla.1996); *In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. 522 (Bankr.E.D.Ark.1996); *In re CF & I Fabricators of Utah, Inc.*, 199 B.R. 986 (Bankr.D.Utah 1996); *In re Hudson Oil Co., Inc.*, 200 B.R. 52 (Bankr.D.Kansas 1996); *In re C n' B of Florida*, 198 B.R. 836 (Bankr.M.D.Fla.1996); *In re Foxcroft Square Co.*, 198 B.R. 99 (Bankr. E.D.Pa.1996); *Matter of Upton Printing*, 197 B.R. 616 (Bankr.E.D.La.1996); *In re Precision Autocraft, Inc.*, 197 B.R. 901 (Bankr.W.D.Wash.1996); *In re Central Florida Electric, Inc.*, 197 B.R. 380 (Bankr.M.D.Fla.1996).

**4.** The Court notes that the United States Trustee has indicated in a brief submitted in an unrelated case that *In re Precision Autocraft, Inc.* has been subsequently reversed and remanded in an unreported decision by the United States District Court for the District of Washington. This Court concludes that the District Court reversed the original *Precision Autocraft* decision because 28 U.S.C. § 1930 was further amended in September 1996 to make the January 1996 amendment to § 1930 applicable in all cases, regardless of confirmation status. The District Court's reversal is on other grounds and does not affect the original holding regarding a debtor's right to a final decree.

firmation. *Precision Autocraft,* 197 B.R. at 908. The United States Trustee's Response does not dispute in the instant case that the Plan was properly confirmed, that the Plan has been substantially consummated, or that the Debtor has met all other requirements of the Plan and/or the Confirmation Order. Accordingly, the Court hereby finds and concludes on this record that the Final Decree should be entered forthwith and thereafter the case be closed in due course.

### 2. Collection of Post–Confirmation § 1930(a)(6) Fees.

The Response of United States Trustee requests that the Court order the Debtor to pay post-confirmation quarterly fees and file post-confirmation quarterly reports, as required by the amendments to 28 U.S.C. 1930(a)(6). The Court notes that the order confirming the Plan in the instant case was entered approximately 3½ years before the recent amendments to § 1930. The Court finds and concludes on this record and under applicable law that, following confirmation of a Chapter 11 plan, the Court's jurisdiction is generally limited in the case to the implementation or execution of the confirmed plan, and resolution of matters concerning the confirmed plan. *Gryphon at the Stone Mansion v. United States Trustee (In re Gryphon at the Stone Mansion),* 204 B.R. 460, 462–63 (Bankr.W.D.Pa.1997) *(citing In re Allegheny International, Inc.,* 954 F.2d 167, 169, n. 1 (3d Cir.1992); and *Goodman v. Phillip R. Curtis Enterprises, Inc.,* 809 F.2d 228, 233 (4th Cir.1987). Although Congress may have allowed the United States Trustee to charge a post-confirmation quarterly fee, and therefore created a post-confirmation statutory claim in favor of the United States Trustee, Congress did not amend the Bankruptcy Code or Rules to allow for the collection of the fee in the bankruptcy forum when the plan was confirmed and substantially consummated before the amendments to § 1930. *Gryphon,* 204 B.R. at 463–64.

On the facts of this case, the Court will not enter an order requiring the Debtor to pay post-confirmation quarterly fees to the United States Trustee. To the extent that the United States Trustee can assert its post-confirmation claim, it must assert and liquidate such a claim just as any other post-confirmation creditor would in an appropriate non-bankruptcy forum. *Id.* at 468. Based upon the foregoing, the Court hereby denies the United States Trustee's request for an order requiring Debtor to pay the post-confirmation quarterly fees or to file the post-confirmation quarterly reports.

Accordingly,

IT IS ORDERED granting Debtor's Application for Final Decree and the Court will enter the lodged Final Decree forthwith and thereafter direct that the case be closed.

IT IS FURTHER ORDERED denying the United States Trustee's request that the Court order the Debtor to pay post-confirmation quarterly fees and file post-confirmation reports.

IT IS SO ORDERED.