### In re MARUKO INC., Debtor.

Bankruptcy Nos. 91–12303–A11, 91–12546, 91–13398 and 92–01924.

United States Bankruptcy Court,
S.D. California.

March 12, 1997.

Arnold M. Quittner, Pachulski, Stang, Ziehl & Young, P.C., Los Angeles, CA, Joseph A. Eisenberg, P.C., Adrienne M. Coffin, Jeffer, Mangels, Butler & Marmaro LLP, Los Angeles, CA, Mary Testerman, Office of the U.S. Trustee, San Diego, CA, for Reorganized Debtor/Defendant.

Theodore W. Graham, Jeffrey Garfinkle, Brobeck, Phleger & Harrison, San Diego, CA, for Japanese Co–Owners.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Chief Judge.

Reorganized debtor ("Maruko") seeks an order deeming the United States trustee's quarterly fees inapplicable. In the alternative, Maruko seeks an order deeming the case closed or dismissed as fully administered with reservation of jurisdiction as to pending adversary proceedings and contested motions. The Official Creditors Committee ("OCC") joins in Maruko's motion. The U.S. trustee opposes this motion on the grounds that pursuant to 28 U.S.C. § 1930(a)(6), as amended by section 211 of the Balanced Budget Downpayment Act, and as further amended by the Omnibus Consolidation Appropriations Act, Pub.L. No. 104–208 § 109(d) (1996), fees are required. Also, Certain Japanese Co–Owners oppose any action by this court that would base the U.S. trustee's fee on the share of net sales proceeds which Maruko has already distributed or will soon distribute.

## I. FACTUAL SUMMARY

Prior to its chapter 11 case, Maruko was in the business of developing commercial properties all over the world. Maruko filed a chapter 11 petition on October 31, 1991 and an order for relief was entered on that same date. The confirmation hearing took place on November 29, 1993. This court entered its order confirming Maruko's plan of reorganization ("Plan") on February 2, 1994 and said order became final on February 13, 1994. Maruko's Plan has been fully performed but the case has not been dismissed or converted.

## II. ISSUE

What is Maruko's post-confirmation obligation to the U.S. trustee pursuant to 28 U.S.C. § 1930(a)(6)?

## III. DISCUSSION

To determine Maruko's post-confirmation obligation to the U.S. trustee the court must analyze two issues under section 1930(a)(6): (1) the impact of two recent amendments and (2) the calculation of fees.

### A. *Amendments to 28 U.S.C. § 1930(a)(6)*

Section 1930(a)(6) originally provided that a chapter 11 debtor would pay a quarterly fee to the U.S. trustee until plan confirmation or until the case is dismissed or converted. On January 26, 1996, Congress enacted the Balanced Budget Downpayment Act, I, Pub.L. No. 104–99, Title II, § 211, 110 Stat. 26, 37–38, amending section 1930(a)(6) to provide:

> In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee, for deposit in Treasury, in each case under Chapter 11 of Title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed whichever occurs first. 28 U.S.C. § 1930(a)(6).

With this amendment, Congress provided that payment of fees would occur during the pendency of the case, not merely until confirmation of the plan. The purpose of this amendment was to help fund the United States Trustee program. H.R.Rep. No. 104–196, 104th Cong., 1st Sess. at 16–17 (1995).

However, the purpose of the amendment was not fully accomplished as many courts refused to apply the amendment retroactively to cases with plans confirmed prior to

January 26, 1996.[1]  In response, Congress further amended section 1930(a)(6) on September 30, 1996 to provide:

> ... fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plan.  Omnibus Consolidated Appropriations Act, Pub.L. No. 104–208 § 109(d) (1996).

■ In its joinder, the OCC argues that the application of the statute, as amended, is unconstitutional.  Specifically, the OCC contends that Congress is directing courts to reopen final confirmation orders and amend them to provide for the payment of these fees which results in a violation of the separation of powers.  The OCC claims that pursuant to section 1129(a)(12) of the Bankruptcy Code, Maruko was required to pay all fees due under section 1930 by the effective date of its Plan or provide for them in its plan.  The court order confirming its Plan made a finding (now final) that Maruko had done so.  The OCC maintains that when Maruko paid all its quarterly fees, it relied upon the confirmation order that it had completed its section 1930 obligations.

The OCC overestimates the reach of section 1129(a)(12).  Section 1129 lists the requirements for a court to confirm a plan of reorganization.  Specifically, section 1129(a)(12) provides:

> (a) The court shall confirm a plan only if all of the following requirements are met:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (12) All fees payable under section 1930 of title 28, *as determined by the court at the hearing on confirmation of the plan,* have been paid or the plan provides for the payment of all such fees on the effective date of the plan.  Emphasis added.

The inclusion of a reference to section 1930 within section 1129(a)(12) does not limit section 1930 obligations outside confirmation.

For example, a confirmation order does not excuse a reorganized debtor from paying a filing fee for an application for appeal pursuant to section 1930(c).  28 U.S.C. § 1930(c).

At the confirmation hearing on November 29, 1993, this court determined that Maruko had satisfied the requirements of section 1129 including the payment of fees under section 1930 and reaffirmed that finding in the confirmation order entered on February 2, 1994.  The amendments to section 1930(a)(6) do not change Maruko's obligations under section 1129 for confirmation nor change Maruko's confirmation status.  Section 1930(a)(6) merely states if there is debtor whose case has not been dismissed or converted, it owes fees to the U.S. trustee.  This section does not require the bankruptcy court to reverse or re-evaluate the confirmation order entered on February 2, 1994.

The main case relied upon by the OCC, *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995), is distinguishable from the case before this court.  *Plaut* involved the constitutionality of section 27A(b) of the Securities Exchange Act.  Section 27A(b) provided that cases dismissed as time barred could be reinstated upon a motion.  The *Plaut* court held that this was retroactive legislation in violation of the Constitution as it required federal courts to reopen final judgments entered before its enactment.  *Id.* at ——, 115 S.Ct. at 1463.

The final judgment at issue before this court is the confirmation order.  The confirmation order is a final, appealable order of the court, binding on the debtors and all parties in interest and is *res judicata* as to all matters relating to the plan.  11 U.S.C. § 1141(a).  The amendments to section 1930 do not ask this court to reopen its judgment of confirming of Maruko's plan.  This is in contrast to the situation in *Plaut* where the statute would have permitted the reopening of cases where the court had determined by final order that the case should be dismissed as time barred.  In this case there is no reconsideration of the decision made pursuant to section 1129.  This court's final judg-

---

1. *In re Hudson Oil Co., Inc.,* 200 B.R. 52 (Bankr. D.Kan.1996); *In re Precision Autocraft, Inc.,* 197 B.R. 901 (Bankr.W.D.Wash.1996);  and *In re CF* & *I Fabricators of Utah, Inc.,* 199 B.R. 986 (Bankr.D.Utah 1996).

ment as to Maruko's Plan confirmation remains intact.

■ Maruko submits that the amendment imposes a new duty and burden on it and modifies the rights of creditors under its confirmed plan. However, in *In re McLean Square Assoc., G.P.* 201 B.R. 436 (Bankr. E.D.Va.1996) the court found that requiring the debtor to pay additional quarterly fees does not amount to modification of the plan. The court emphasized that the requirement to pay quarterly fees to the U.S. trustee is not triggered by confirmation of the plan, but rather is an administrative expense incident to an open case. *Id.* at 441. This court agrees with the *McLean* analysis. The amendments to section 1930(a)(6) address new fees owing to the U.S. trustee but do not change the confirmation status of the debtor. The court concludes that application of section 1930(a)(6) does not change or modify the confirmation status of Maruko's plan and accordingly, is not unconstitutional.

■ The clear language of the amendments leads this court to find that section 1930(a)(6) applies to debtors even if their plans were confirmed as of the effective date of the amendment. Maruko's Plan was confirmed on February 13, 1994 and its case has not been dismissed or converted. Accordingly, Maruko's case is still pending and subject to the requirements of section 1930(a)(6).

**B. Calculation of U.S. trustee's Fees**

■ The method by which the U.S. trustee's quarterly fees are calculated is set out in section 1930(a)(6). The fees are based upon the amount of disbursements. 28 U.S.C. § 1930(a)(6) (1994). The term "disbursements" is not defined anywhere in section 1930(a)(6), its legislative history or the case law. *St. Angelo v. Victoria Farms,* 38 F.3d 1525, 1534 (9th Cir.1994), *amended by,* 46 F.3d 969 (9th Cir.1995). The statute reflects that Congress clearly intended "dis-

bursements" to include all payments from the bankruptcy estate. *Id.*

■ In a chapter 11 case, unless the plan provides otherwise, the bankruptcy estate's assets revest in the name of the reorganized debtor and are no longer part of the bankruptcy estate after plan confirmation.[2] 11 U.S.C. § 1141(b) (West Supp.1996); *In re Boulders on the River,* 205 B.R. 948, 951 (Bankr.D.Or.); *In re SeaEscape Cruises, Ltd.,* 201 B.R. 321, 323 (Bankr.S.D.Fla.1996). The plan determines how the creditors will be paid and by how much. *In re C n' B of Florida,* 198 B.R. 836, 839 (Bankr.M.D.Fla. 1996). Payment to these creditors is made with the reorganized debtor's property or future income not from a bankruptcy estate. *In re Kaveney,* 60 B.R. 34, 36 (9th Cir. BAP 1985). Also, any payments, distributions, or allocations made by a reorganized debtor after the plan's effective date, in the ordinary course of its business or otherwise, do not constitute "disbursements" under section 1930(a)(6) and cannot serve as a basis upon which the U.S. trustee may calculate its fee. *See, In re SeaEscape Cruises, Ltd.,* 201 B.R. at 323.[3]

■ The U.S. trustee argues that in *St. Angelo* the court did not define the term "disbursement" in the post-confirmation quarterly fee context. However, Congress is charged with knowing judicially created law when it amends statutes and if it intends to change that law, it must make its intent specific. *See, Midlantic Nat'l Bank v. New Jersey Dept. Of Environmental Protection,* 474 U.S. 494, 501, 106 S.Ct. 755, 759–60, 88 L.Ed.2d 859 (1986), *reh. denied,* 475 U.S. 1090, 106 S.Ct. 1482, 89 L.Ed.2d 736. When Congress amended section 1930(a)(6) it did not include any language defining the term "disbursement." Because Congress did not make its intent clear, "disbursement" remains defined as coming from the bankrupt-

---

2. Section 1141(b) provides in relevant part:
   Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all the property of the estate in the debtor.

3. To the extent *In re SeaEscape* could be interpreted to mean all payments made pursuant to a

confirmed plan are payments from a bankruptcy estate, this court disagrees. As previously stated, the bankruptcy estate no longer exists after plan confirmation unless expressly defined in the plan.

cy estate. *St. Angelo v. Victoria Farms,* 38 F.3d at 1534.

In this case, the plan confirmation order became final on February 13, 1994 at which time the bankruptcy estate ceased to exist. The Plan expressly provided that all property of the estate revested with the reorganized debtor. *See,* Order Confirming Maruko's Plan dated Sept. 8, 1993 and entered February 3, 1994, at 8:6–13. All property revested with Maruko pursuant to section 1141(b) so there is no bankruptcy estate on which to calculate the U.S. trustee's fees. The court finds that there are no disbursements from the bankruptcy estate in this case. Accordingly, Maruko owes the minimum amount stated in section 1930. Because of this court's resolution of the principal issue, it is not necessary to discuss the issue raised by Certain Japanese Co–Owners.

## IV. CONCLUSION

The court concludes that although section 1930(a)(6) applies to Maruko, since there is no bankruptcy estate from which disbursements have been made since January 27, 1996, fees owed by Maruko, if any, should be calculated at the minimum applicable rate. This Memorandum Decision is in lieu of findings of fact and conclusions of law. Counsel for the U.S. trustee is directed to prepare an order in accordance with this Memorandum Decision within 10 days of the date of its entry.