### In re Richard G. HUFF and Patricia R. Huff, Debtors.

### Bankruptcy No. HG 93–80477.

United States Bankruptcy Court,
W.D. Michigan.

April 3, 1997.

---

James A. Engbers, Grand Rapids, MI, for debtors Richard G. Huff and Patricia R. Huff.

Michael V. Maggio, Grand Rapids, MI, Advisor, Office of the United States Trustee.

## OPINION RE: PETITION FOR ENTRY OF FINAL DECREE

LAURENCE E. HOWARD, Chief Judge.

This matter comes before the court on the debtors' petition for entry of a final decree. The United States Trustee ("the Trustee") has objected to the entry of the final decree on the grounds that the debtors owe unpaid postconfirmation quarterly fees pursuant to 28 U.S.C. § 1930(a)(6).

### FACTS

On February 1, 1993, the debtors filed a Voluntary Petition under chapter 13 of the Bankruptcy Code.[1] On June 20, 1993, upon the debtors' motion, the case was converted to chapter 11. I confirmed the debtors' chapter 11 Plan of Reorganization ("the Plan") by Order entered on August 15, 1995.

On September 16, 1996, the debtors filed a Petition for Entry of Final Decree along with a Final Report. Their petition stated that the Plan was substantially consummated and that no further actions were required by the debtors except for their making continued payments under the Plan. All preconfirmation fees had been paid by the debtors.

On that same date, September 16, 1996, I signed the Final Decree which provided, in part, that:

> [T]his Decree, a copy of the Final Account and a copy of the Petition for Entry of a Final Decree shall be served upon all parties in interest. If written objection is received within twenty (20) days of service of these documents, this matter shall be set for hearing. If no objections are received, this Decree shall become final and the estate shall be deemed closed 20 days from the date of service of this Order without further action by this Court.

On September 23, 1996, the attorney for the debtors served the documents.

Ten days later, on October 3, 1996, the Trustee filed his Objection to Debtor's [sic] Petition for Entry of a Final Decree. The Trustee objects for the reason that "the debtor [sic] owes unpaid postconfirmation quarterly fees to the United States Trustee pursuant to 28 U.S.C. Section 1930(a)(6)."

The Trustee's brief indicates that at the time he filed his Objection, the debtors owed unpaid quarterly fees for the second and third quarters of 1996. That brief also indicates that as of the date of the brief, December 20, 1996, the debtors owe unpaid postconfirmation quarterly fees for the fourth quarter of 1996.[2]

### ISSUE

The sole issue before me is whether a chapter 11 debtor whose plan of reorganization was confirmed prior to January 27, 1996 is required to pay quarterly fees to the Trustee pursuant to 28 U.S.C. § 1930(a)(6) as amended by the Balanced Budget Downpayment Act, Pub.L. No. 104–99 (January 27, 1996) and the Omnibus Appropriations Act, Pub.L. No. 104–208 (September 30, 1996).

### LEGAL ANALYSIS

My analysis begins with 28 U.S.C. § 1930(a)(6) as it read on the date of confirmation of the debtors' Plan:

---

1.  11 U.S.C. § 101 *et seq.*

2.  Presumably, given the date of this Opinion and Order, the Trustee would now argue that fees are also now owing for subsequent quarters.

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 for each·quarter (including any fraction thereof) until a plan is confirmed or the case is converted or dismissed, whichever occurs first.[3]

It is clear, then, that on the date of confirmation of the debtors' Plan, the law then in place required that they pay a quarterly fee to the Trustee "until a plan is confirmed or the case is converted or dismissed." Given that statutory language, the debtors were no longer required to make quarterly payments after the confirmation of their Plan on August 15, 1995.

Some five months later, on January 27, 1996, Congress enacted the Balanced Budget Downpayment Act, Pub.L. No. 104–99 which amended 28 U.S.C. § 1930(a)(6) to read:

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed whichever occurs first. 28 U.S.C. § 1930(a)(6).

This amendment removed the words "until a plan is confirmed" and was apparently intended to impose fees during the pendency of a chapter 11 plan and thereby help fund the United States Trustee program. *See,* H.R.Rep. No. 104–196, 104th Cong., 1st Sess. at 16–17 (1995).

Based on the text of this amendment, as well as the legislative history, some courts held that the effect of the January 27, 1996 amendment was to impose quarterly fees upon all chapter 11 debtors, including those whose plans of reorganization were confirmed prior to· reorganization.[4] Other courts, however, disagreed and essentially held that the imposition of quarterly fees upon a case with a Plan confirmed before January 27, 1996 would be improperly retroactive legislation.[5]

Apparently in response to the conflict created as to whether the January 27, 1996 amendment should be given retroactive effect, Congress enacted the Omnibus Appropriations Act on September 30, 1996. That second amendment affected the quarterly fees in two ways. First, Section 109(a) increased the quarterly fee amounts set forth in 28 U.S.C. § 1930(a)(6).[6] Second, section 109(d) removed any doubt concerning the prior amendment's application to debtors whose plans were confirmed before the prior

---

**3.** That section sets out the following fee schedule: The fee shall be $250 for each quarter in which disbursements total less than $15,000; $500 for each quarter in which disbursements total $15,000 or more but less than $150,000; $1,250 for each quarter in which disbursements total $150,000 or more but less than $300,000; $3,750 for each quarter in which disbursements total $300,000 or more but less than $3,000,000; $5,000 for each quarter in which disbursements total $3,000,000 or more. 28 U.S.C. § 1930(a)(6) (West 1996).

**4.** *See, In re McLean Square Assocs.,* 201 B.R. 436 (Bankr.E.D.Va.1996); *In re Foxcroft Square Co.,* 198 B.R. 99 (Bankr.E.D.Pa.1996); *In re Upton Printing,* 197 B.R. 616 (Bankr.E.D.La.1996); *In re Central Florida Elec., Inc.,* 197 B.R. 380 (Bankr.M.D.Fla.1996).

**5.** *See, In re Beechknoll Nursing Homes, Inc.,* 202 B.R. 260 (Bankr.S.D.Ohio 1996); *In re Precision Autocraft,* 197 B.R. 901 (Bankr.W.D.Wash.1996); *In re Hudson Oil Co.,* 200 B.R. 52 (Bankr.D.Kan. 1996); *In re CF & I Fabricators of Utah, Inc.,* 199 B.R. 986 (Bankr.D.Utah 1996); *In re C n' B of Florida, Inc.,* 198 B.R. 836 (Bankr.M.D.Fla. 1996).

**6.** That amendment reads, in relevant part:

Section 1930(a) of title 28, United States Code, is amended ... in paragraph (6), by striking everything after "total less than $15,000;" and inserting in lieu thereof: "$500 for each quarter in which disbursements total $15,000 or more but less than $75,000; $750 for each quarter in which disbursements total $75,000 or more but less than $150,000; $1,250 for each quarter in which disbursements total $150,000 or more but less than $225,000; $1,500 for each quarter in which disbursements total $225,000 or more but less than $300,000; $3,750 for each quarter in which disbursement total $300,000 or more but less than $1,000,000; $5,000 for each quarter in which disbursements total $1,000,000 or more but less than $2,000,000; $7,500 for each quarter in which disbursements total $2,000,000 or more but less than $3,000,000; $8,000 for each quarter in which disbursements total $3,000,000 or more but less than $5,000,000; $10,000 for each quarter in which disbursements total $5,000,000 or more.

amendment's effective date. Section 109(d) reads:

Section 101(a) of Public Law 104–91, as amended by section 211 of Public Law 104–99, is further amended by inserting ": Provided further, That, notwithstanding any other provision of law, the fees under 28 U.S.C. 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans" after "enacted into law." Pub.L. No. 104–208.

To date, nine reported cases have dealt with the effect of this second amendment. *In re Maruko,* 206 B.R. 225 (Bankr.S.D.Cal. 1997); *In re P.J. Keating Co., et al.,* 205 B.R. 663 (Bankr.D.Mass.1997); *In re Indian Creek Limited Partnership,* 205 B.R. 609 (Bankr.D.Ariz.1997); *In re Burk Development Co., Inc.,* 205 B.R. 778 (Bankr.M.D.La. 1997); *In re Uncle Bud's, Inc., et al.,* 206 B.R. 889 (Bankr.M.D.Tenn.1997); *In re Betwell Oil and Gas Co.,* 204 B.R. 817 (Bankr. S.D.Fla.1997); *In re Boulders on River, Inc.,* 205 B.R. 948 (Bankr.D.Or.1997); *In re Driggs, et al.,* 206 B.R. 787 (Bankr.D.Md. 1997); *In re Gryphon at the Stone Mansion, Inc.,* 204 B.R. 460 (Bankr.W.D.Pa.1997) (en banc).

■ These nine cases uniformly agree that with this new language, Congress has appropriately specified its intent and that 28 U.S.C. § 1930(a)(6) now properly applies retroactively to debtors whose chapter 11 plans were confirmed prior to January 27, 1996.[7] I agree with these courts and believe that Congress clearly intends these quarterly fees to apply to cases with confirmed plans, including this one.

■ I note that the Trustee has not requested fees for the first quarter of 1996. Therefore I find that the Trustee is entitled to fees for only the second and third quarters of 1996. I stop with the third quarter of 1996 because the debtors filed their Petition

for Entry of a Final Decree on September 16, 1996. The fact that the closing of this case may have been postponed by my decision on this issue should not act to the detriment of the debtors by increasing their exposure to subsequent quarterly fees. See, *Driggs,* 206 B.R. at 791.

### CONCLUSION

I find therefore, that the Trustee is entitled to quarterly fees for the second and third quarters of 1996. My ruling is limited to the issue of whether the fees are due and owing to the Trustee.

I acknowledge that three related issues remain: 1) the amount of the fees, 2) whether the fees can or should be paid through the Plan, and 3) whether the bankruptcy court is the appropriate forum for the collection of the fees. Since these matters are not properly before me, I make no ruling as to those issues.

For these reasons, the debtors' Petition for Entry of a Final Decree is DENIED. The objection of the United States Trustee is SUSTAINED.

An appropriate Order will be entered in accordance with this Opinion.

---

**7.** While *Burk Development* 205 B.R. at 803, concludes that a plain meaning analysis leads to the conclusion that Congress indeed intended to impose postconfirmation quarterly fees in Chapter 11 cases, application in that instance would be

impermissibly retroactive, it is important to note that the entry of the final decree in that matter apparently occurred on May 23, 1996, prior to the second amendment to the statute on September 30, 1996.