In re KROY (EUROPE) LIMITED, Debtor.

UNITED STATES TRUSTEE, Appellant,

v.

KROY (EUROPE) LIMITED, Appellee.

Nos. Civ. 97–898–PHX–SMM, B–90–05034–PHX–RGM.

United States District Court, D. Arizona.

April 15, 1998.

Christopher J. Pattock, U.S. Trustee's.Office, Phoenix, AZ, U.S. Trustee.

Madeleine Carmel Wanslee, Gust Rosenfeld PLC, Phoenix, AZ, for Kroy Inc.

## MEMORANDUM DECISION AND ORDER

McNAMEE, District Judge.

The United States Trustee appeals from the March 5, 1997, order of the Bankruptcy Court. The March 5, 1997, order, in relevant part, denied the United States Trustee's request for quarterly post-confirmation fees pursuant to 28 U.S.C. § 1930(a)(6) (hereafter fees)[1]. For the reasons set forth below, the Court reverses the Bankruptcy Court's March 5, 1997, order and remands the action

1. Section 1930(a)(6) states in relevant part: [i]n addition to the filing fees paid to the Clerk, a quarterly fee shall be paid to the United States trustee in each under Chapter 11 of title 11 for each quarter including an fraction therefore until the case is converted or dismissed, whichever occurs first.

for further proceedings consistent with this Order.

## FACTS

The facts are undisputed. On May 15, 1990, Kroy (Europe) Limited and Kroy, Inc., (hereafter collectively "Kroy") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code which were jointly administered. On August 10, 1990, Kroy's First Amended Joint Plan of Reorganization was confirmed by the Bankruptcy Court.[2]

On December 26, 1996, Kroy filed an Application for Final Decree requesting that the Bankruptcy Court enter a final decree closing the case. On December 31, 1996, the United States Trustee filed a response asserting that Kroy should be required to pay fees.

On March 5, 1997, the Bankruptcy Court granted Kroy's Application for Final Decree. The Bankruptcy Court also denied the United States Trustee's request for fees, adopting the reasoning in a February 21, 1997, order by the Bankruptcy Court in *In re Indian Creek Limited Partnership*, 205 B.R. 609 (Bankr.D.Ariz.1997).

On March 17, 1997, the United States Trustee filed a Motion for Reconsideration. On March 20, 1997, the Bankruptcy Court denied the Motion for Reconsideration. On March 31, 1997, the United States Trustee timely filed its Notice of Appeal.....

## STANDARD OF REVIEW

The District Court reviews the Bankruptcy Court's orders as an appellate court. *In re Siegel*, 105 B.R. 556, 559 (D.Ariz.1989). The Bankruptcy Court's conclusions of law are reviewed *de novo*, while its findings of fact are reviewed under a clearly erroneous standard. *In re Tuma*, 916 F.2d 488, 490 (9th Cir.1990).

2. Pursuant to the Joint Plan, Kroy, Inc., and Kroy (Europe) Limited were substantively consolidated. Kroy (Europe) Limited ceased to exist and a new entity, the reorganized debtor known as Kroy, Inc. emerged from bankruptcy. The Bankruptcy Court found that the Joint Plan was substantially consummated well before January 1996.

## DISCUSSION

The United States Trustee argues that the Bankruptcy Court's conclusion that it is without jurisdiction to require payment of the fees in incorrect. The Court agrees.

### A. Bankruptcy Court's Reasoning

The Bankruptcy Court denied the United States Trustee's request for fees noting that "following confirmation of a Chapter 11 plan, the [Bankruptcy] Court's jurisdiction is generally limited in the case to the implementation or execution of the confirmed plan, and resolution of matters concerning the confirmed plan." *In re Indian Creek Limited Partnership*, 205 B.R. 609 (Bankr.D.Ariz. 1997) (citing *Gryphon at the Stone Mansion v. United States Trustee (In re Gryphon at the Stone Mansion)*, 204 B.R. 460, 462–63 (Bankr.W.D.Pa.1997)). Because of this limited jurisdiction, the Bankruptcy Court determined that, although the United States Trustee may have a statutory claim, "Congress did not amend the Bankruptcy Code or Rules to allow for the collection of the fee in the bankruptcy forum when the plan was confirmed and substantially consummated before the amendments to § 1930." [3] *Id.* (citing *Gryphon* 204 B.R. at 463–64.)

■ Because the plan in this action was confirmed before the amendments to section 1930 and therefore did not include a provision in the plan for payment of the fees, the Bankruptcy Court held that the United States Trustee must assert and liquidate its claim for fees just as any other post-confirmation creditor would in an appropriate non-bankruptcy forum. *Id.*

### B. Analysis

"[T]he source of the bankruptcy court's subject matter jurisdiction[, however,] is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157[.]" *United States Trustee v. Gryphon at Stone Mansion, Inc.*, 216 B.R. 764, 768–69 (W.D.Pa.1997) (reversing *Gryphon at the Stone Mansion v. United States Trustee (In re Gryphon at the Stone Mansion)*, 204 B.R. 460 (Bankr.W.D.Pa.1997)); *see American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621, 623 (9th Cir.1989).

Section 1334(b) gives the district court subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.

Section 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157.

Thus, to determine if the Bankruptcy Court has jurisdiction over the United States Trustee's request for fees, the Court must determine whether at a minimum the request is "related" to a case under title 11. *American Hardwoods, Inc.*, 885 F.2d at 623.

In *In re Fietz*, the Ninth Circuit adopted the following test to determine the whether a proceeding was related to a title 11 case:

> the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy ... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

852 F.2d 455, 457 (9th Cir.1988) (adopting the test from *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)).

■ Thus, under this test, the Bankruptcy Court has jurisdiction over the United States Trustee's request for fees if awarding those fees "could conceivably have any effect" on the administration of Kroy's bankruptcy estate. *See id.*

---

**3.** The January 1996 amendments deleted the reference to plan confirmation as a termination of the requirement to pay the fees and requires that the fee be paid post-conformation until the case is converted or dismissed. 28 U.S.C. § 1930(a)(6).

Here, Kroy asserts that "[e]ach dollar to be distributed through the confirmed Joint Plan has been earmarked to pay specific creditors and/or administrative expenses—and each of those dollars has, in fact, been paid." (Response Brief at 10.) Based upon this statement, the assessment of fees could clearly alter Kroy's liabilities and therefore could have an effect on the administration of Kroy's bankruptcy estate. *United States Trustee v. Gryphon at Stone Mansion, Inc.,* 216 B.R. at 767–69. Accordingly, the Bankruptcy Court does have jurisdiction to consider the United States Trustee's request for fees.

Kroy also argues that, although the Bankruptcy Court denied the United States Trustee's request for fees because it did not have subject matter jurisdiction, several independent reasons support the Bankruptcy Court's decision. Specifically, Kroy asserts that: (1) the imposition of fees in a substantially consummated case constitutes an impermissible modification of the plan of reorganization under 11 U.S.C. § 1127; (2) pursuant to 11 U.S.C. § 1141, the United States Trustee is bound by the terms of the plan of reorganization as a creditor and may not make a claim on property of the estate that is vested in the reorganized debtor free and clear of all claims; (3) section 1930(a)(6) applies only to disbursements made by a bankruptcy estate and not to disbursements made by a reorganized debtor; (4) applying section 1930(a)(6) to a Chapter 11 case with a confirmed plan violates the separation of powers doctrine; (5) applying section 1930(a)(6) to a confirmed plan is an unconstitutional "taking" by Congress; and (6) the reorganized debtor is not "using" the United States Trustee system, and therefore, should not be required to fund that system.

The Court notes, however, that the Bankruptcy Court did not address these issues, that not all of these issues were raised before the Bankruptcy Court, and that the Bankruptcy Court would be in the best position to determine any potential factual applications of these issues to the assessment of the fees in this action. Accordingly, the Court will decline to address these issues and remand them for consideration by the Bankruptcy

Court. *See Sims v. DeArmond (In re Lendvest Mort., Inc.),* 42 F.3d 1181, 1185 (9th Cir.1994).

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the March 5, 1997, order of the Bankruptcy Court denying the United States Trustee's request for fees is reversed and the case is remanded to the Bankruptcy Court for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk shall terminate this action accordingly.