**In re KROY (EUROPE) LIMITED, Debtor.**

**In re Kroy, Inc., Debtor.**

**United States Trustee, Appellant,**

v.

**Kroy (Europe) Limited, and Kroy, Inc., Appellees.**

**No. CIV 99–834–PHX–SMM, Bankruptcy Nos. BK–90–5034–PHX–RGM, BK–90–5035–PHX–RGM, BAP No. AZ–99–1239.**

United States District Court, D. Arizona.

Jan. 26, 2000.

## ORDER

McNAMEE, Chief Judge.

The United States Trustee appeals from the March 31, 1999, order of the Bankruptcy Court. The March 31, 1999, order denies the United States Trustee's request for quarterly post-confirmation fees pursuant to 28 U.S.C. § 1930(a)(6) (hereafter post-confirmation fees or quarterly fees). For the reasons set forth below, the Court reverses the Bankruptcy Court's March 31, 1999, order and remands the action to require payment of post-confirmation fees pursuant to 28 U.S.C. § 1930(a)(6).

## FACTS

The facts are undisputed. On May 15, 1990, Kroy (Europe) Limited and Kroy, Inc., (hereafter collectively "Kroy") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code which were jointly administered. On August 10, 1990, Kroy's First Amended Joint Plan of Reorganization was confirmed by the Bankruptcy Court. The Plan was completely consummated by January 1994. For some reason, however, Kroy did not file a motion to close the action after the Plan was completely consummated.

On January 26, 1999, while the bankruptcy action was still pending, Congress amended section 1930(a)(6) to eliminate confirmation as an event that would terminate the accrual of quarterly fees. As amended section 1930(a)(6) states in relevant part:

[i]n addition to the filing fees paid to the Clerk, a quarterly fee shall be paid to the United States trustee in each case under Chapter 11 of title 11 for each quarter including an fraction therefore until the case is converted or dismissed, whichever occurs first.

On September 30, 1996, Congress further amended section 1930(a)(6) to clarify that quarterly fees "shall accrue and be payable from and after January 27, 1996, in all cases, (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans." Pub.L. 104–208, 110 Stat. 3009. Every debtor with a confirmed plan was sent a quarterly fee bill. (Hankins Decl., R. on Appeal Doc. No. 559.)

On December 26, 1996, Kroy filed its Final Report and Application for Final Decree requesting that the Bankruptcy Court dismiss the case. On December 31, 1996, the United States Trustee filed a response asserting that Kroy should be required to pay fees for the period from confirmation to dismissal pursuant to 28 U.S.C. § 1930(a)(6).

On March 5, 1997, the Bankruptcy Court granted Kroy's Application for Final Decree. The Bankruptcy Court also denied the United States Trustee's request for fees on the ground that it has no jurisdiction to compel payment of those fees. The United States Trustee timely filed a Notice of Appeal.

On April 15, 1998, this Court reversed the Bankruptcy Court's order holding that the Bankruptcy Court does have jurisdiction to enforce the payment of post-confirmation quarterly fees. *United States Trustee v. Kroy (Europe) Limited,* 222 B.R. 345, 347 (D.Ariz.1998). Because, however, Kroy had also raised six independent reasons for to support the Bankruptcy Court's denial of the fees which the Bankruptcy Court had not considered, the Court remanded the action to allow the Bankruptcy Court.

On remand, the Bankruptcy Court required the parties to submit supplemental briefs on the six independent reasons. On March 31, 1999, the Bankruptcy Court denied the United States Trustee's request for fees on equitable grounds and implicitly found that the remaining reasons were not grounds for denial of the fees. On April 9, 1999, the United States Trustee timely filed its Notice of Appeal.

## STANDARD OF REVIEW

■ The District Court reviews the Bankruptcy Court's orders as an appellate court. *In re Siegel*, 105 B.R. 556, 559 (D.Ariz.1989). The Bankruptcy Court's conclusions of law are reviewed *de novo*, while its findings of fact are reviewed under a clearly erroneous standard. *In re Tuma*, 916 F.2d 488, 490 (9th Cir.1990).

## DISCUSSION

The United States Trustee argues that the Bankruptcy Court's erred in holding that Kroy was not required to pay postconfirmation fees. The Court agrees.

### I. *Bankruptcy Court's Reasoning*

The Bankruptcy Court found that Congress' intent in enacting section 1930(a)(6) was to create user fees for the use of the bankruptcy system and that Kroy did not "use" the bankruptcy system subsequent to the amendment of section 1930(a)(6) other than simply keeping the action open. (Order at 7, R. on Appeal No. 571.) The Bankruptcy Court also found that the United States Trustee "appear[ed]" to be

selectively enforcing section 1930(a)(6) by seeking fees only from those debtors who filed Applications for Final Decrees and not from those debtors whose cases were administratively closed by the Clerk of the Bankruptcy Court.[1] (*Id.* at 9.) The Bankruptcy Court then concluded, without citing any authority, that these circumstances made it inequitable and unfair to require Kroy to pay the fees.

### II. *Analysis*

■ The Bankruptcy Court's critical factual findings in support of its decision are (1) that Kroy did not use the bankruptcy system since 1994 and (2) that the United States Trustee seeks section 1930(a)(6) fees principally from those debtors who filed Applications for Final Decree.[2] Neither party challenges these facts and the Court finds that these facts are not clearly erroneous. *See In re Tuma*, 916 F.2d at 490.

■ The Bankruptcy Court, however, erred as matter of law in finding that these facts entitled Kroy to equitable relief. A basic principle of equitable relief is that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse the lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Kroy did not seek to file its Final Report and Application for Final Decree when the Plan was completely consummated in January 1994. If it had done so, Kroy would have owed no additional fees

---

1. The United States Trustee stated that it sought fees from those debtors who filed Applications for Final Decrees because those debtors were most likely to have the assets with which to pay the fees.

2. The United States Trustee also argued that the Bankruptcy Court erred in finding that it was selectively enforcing section 1930(a)(6). The United States Trustee asserts that the Bankruptcy Court failed to find that it was exercising its prosecutorial discretion in a manner that was "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *See Wayte*

*v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). To the extent the Bankruptcy Court found that the United States was "selectively enforcing" section 1930(a)(6) is a manner that violates Kroy's constitutional rights, the Bankruptcy Court erred as matter of law. Although the Bankruptcy Court's order did use the words "selective enforcement", the Court reads those terms in the context of the Bankruptcy Court's order to mean inconsistent application of the law rather to assert a constitutional violation.

under section 1930(a)(6). Further, Kroy did not seek to file its Final Report and close its case in January 1996 when section 1930(a)(6) was amended to eliminate confirmation as a termination date for accrual of the fees. Even after Kroy received bills for its post-confirmation fee debts after the amendment of section 1930(a)(6), Kroy failed to file its Final Report and Application for Final Decree in January 1997. In fact, Kroy failed to seek closure in its case for over three years after the Plan was completely consummated and for over one year after section 1930(a)(6) was amended.

The Bankruptcy Court did not find, and in fact it could not find, that Kroy acted with due diligence in seeking to have its case closed.[3] Therefore, as a matter of law, Kroy is not entitled to equitable relief from the payment of fees.

■■■ Moreover, while bankruptcy courts can, under very limited circumstances, make narrow equitable exceptions to statutory rules, *Gurney v. State of Arizona Department of Revenue (In re Gurney)*, 192 B.R. 529 (9th Cir. BAP 1996), bankruptcy courts "cannot use equitable principles to disregard unambiguous statutory language." *Official Unsecured Creditors Committee of Sufolla, Inc. v. U.S. National Bank of Oregon (In re Sufolla, Inc.)*, 2 F.3d 977, 980–81 (9th Cir.1993)(citing cases); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 913 n. 4 (9th Cir.1988) ("Bankruptcy judges have no more power than any other judge to ignore the plain language of a status in order to reach a result more in keeping with their notions of equity."); *Prisbrey v. Noble*, 505 F.2d 170 (10th Cir.1974).

Here, there is no language in section 1930(a)(6) indicating that Congress intended to create an "inequitable" exception to payment of the fees. Further, there is no limiting language indicating that Congress intended quarterly fees to cease accruing in cases with consummated plans when by definition the debtor would have ceased "using" the system. Section 1930(a)(6) requires quarterly fees to be paid "in each case" and not "in each unconsummated case." *See In re CF & I Fabricators of Utah, Inc.*, 150 F.3d 1233, 1236–238 (10th Cir.1998); *In re Beechknoll Nursing Homes*, 216 B.R. 925 (S.D.Ohio 1997); *In re Rhead*, 232 B.R. 175 (Bankr.D.Ariz. 1999). While the Bankruptcy Court does have some equitable powers, the Bankruptcy Court erred as a matter of law in using its equitable powers to preempt payment of fees under section 1930(a)(6) under the circumstances in this case.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the March 5, 1997, order of the Bankruptcy Court denying the United States Trustee's request for fees is reversed and the case is remanded to the Bankruptcy Court to require payment of quarterly post-confirmation fees by Kroy pursuant to 28 U.S.C. § 1930(a)(6).

**IT IS FURTHER ORDERED** that the Clerk shall terminate this action accordingly.

---

**3.** The Bankruptcy Court did find that the Clerk of the Bankruptcy Court had a practice of entering administrative dismissals in cases without any activity for six months. Here, however, Kroy did not assert that it relied upon this practice to effectuate the dismissal of its action. Moreover, because Kroy did not file it Final Report until January 1997, the Clerk of the Bankruptcy Court could not have administratively closed the case prior to that time. *See In the Matter of Wade*, 991 F.2d 402, 408 (7th Cir.1993)(failure of trustee to file Final Report rendered court order closing case premature).