**UNITED STATES TRUSTEE, Appellant,**

v.

**GRYPHON AT THE STONE MANSION, INC., d/b/a Erik Lewis Global, d/b/a Wanner Van Helden, Appellee.**

No. CIV.A. 97–345.

United States District Court,
W.D. Pennsylvania.

Nov. 28, 1997.

Stephen I. Goldring, Office of U.S. Trustee, Pittsburgh, PA, Paul W. Bridenhagen, Civil Div., Washington, DC, for Appellant.

Daniel J. Gates, Haller & Gates, Warrendale, PA, for Appellee.

*MEMORANDUM and ORDER*

LANCASTER, District Judge.

The United States Trustee has filed an appeal from an order of the bankruptcy court. The issue on appeal is whether the bankruptcy court erred when it determined that it did not have jurisdiction to entertain the United States Trustee's statutory claim for quarterly fees because those fees had accrued after the debtor's chapter 11 bankruptcy plan had been confirmed.

For the reasons that follow, the court finds that the bankruptcy court had jurisdiction over the matter and thus, we reverse the bankruptcy court.

## I. *Standard of Review*

■ The standard of review on appeal from a bankruptcy court order is that conclusions of law are subject to *de novo* review, while findings of fact may not be set aside unless they are clearly erroneous. *See Queen v. Pa. Higher Educ. Assistance Agency,* 210 B.R. 677, 679 (E.D.Pa.1997).

## II. *Background*

Prior to January 2, 1996, 28 U.S.C. § 1930(a)(6) provided that "a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 for each quarter ... until a plan is confirmed or the case is converted or dismissed, whichever occurs first."

On January 26, 1996, Congress amended section 1930(a)(6) by striking the words "a plan is confirmed or" so that section 1930(a)(6) now states that "a quarterly fee shall be paid to the United States trustee ... in each case under chapter 11 of title 11 for each quarter ... until the case is converted or dismissed, whichever occurs first." Pub.L. No. 104–99, 110 Stat. 26, 37–38. Subsequent to the amendment's enactment, a number of courts refused to apply the amendment retroactively to cases with plans that had been confirmed before January 26, 1996. *See In re Maruko, Inc.,* 206 B.R. 225, 227–28 & n. 1 (Bankr.S.D.Cal.1997).

On September 30, 1996, Congress enacted clarifying legislation providing "notwithstanding any other provision of law, the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans." Pub.L. No. 104–208, 110 Stat. 3009–19.

In this case, on August 12, 1993, debtor, Gryphon at the Stone Mansion, Inc. ("Gryphon"), filed for relief under chapter 11 of the Bankruptcy Code. On July 13, 1995, the bankruptcy court confirmed debtor's Sixth Amended Plan of Liquidation ("the Plan"). The Plan provided that debtor would discontinue its business and liquidate its assets in order to provide payments to its priority, secured, and unsecured creditors. On April 29, 1996, debtor filed a Motion for Final Decree. On June 13, 1996, the United States Trustee filed an Objection to Motion for Final Decree on the ground that debtor had failed to pay quarterly fees pursuant to 28 U.S.C. § 1930(a)(6), as amended by Pub.L. No. 104–99.

After the United States Trustee filed her Objection to Motion for Final Decree, the bankruptcy court and Assistant United States Trustee for this district determined that the United States Trustee's request for post-confirmation quarterly fees would affect nearly 80 open chapter 11 cases with plans that had been confirmed before the enactment of Pub.L. No. 104–99. The bankruptcy court decided that judicial economy was best served by hearing the issues *en banc.* Debtor's case is the lead case.

On September 5, 1996, the bankruptcy court held a hearing on debtor's Motion for Final Decree. The bankruptcy court entered an order granting debtor's Motion for Final Decree, but reserved the issue of whether fees were due to the United States Trustee. With respect to this issue, the bankruptcy court sent notice to all affected debtors, creditors, and parties in interest, established a briefing and argument schedule, and held the argument on October 25, 1996.

On January 22, 1997, the bankruptcy court entered an *en banc* Memorandum Opinion and Order. The bankruptcy court found that its jurisdiction was limited to enforcing the provisions of the confirmed plans. *See In re*

*Gryphon at the Stone Mansion, Inc.*, 204 B.R. 460, 463 (Bankr.W.D.Pa.1997). Additionally, the bankruptcy court observed that the United States Trustee fee is not included in any of the confirmed plans because it did not exist on the dates of plan confirmation. *See id.* The bankruptcy court further stated that "although the United States Trustee has a statutory claim, it is not enforceable in these cases in this forum." *Id.* at 464. The bankruptcy court ultimately concluded, "The United States Trustee is in the same position as any other chapter 11 creditor whose claim arises post-confirmation and has no remedy available in the bankruptcy forum under the circumstances presented by the cases before us." *Id.* at 469.

III. *Discussion*

A. *Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1334 and 157*

■ Bankruptcy court jurisdiction is a question of law subject to *de novo* review. *See In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 263 n. 2 (3d Cir.1991). An analysis of the bankruptcy court's jurisdiction begins with 28 U.S.C. § 1334, which grants the district court jurisdiction over bankruptcy cases. Section 1334(a) provides that "the district court shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334(b) provides that "the district courts shall have original, but not exclusive, jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

District courts routinely refer bankruptcy cases to the bankruptcy court pursuant to 28 U.S.C. § 157(a). *See Marcus Hook*, 943 F.2d at 264 n. 3. Section 157(a) states:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title

11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

Section 157(b)(1) provides:

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, ... and may enter appropriate orders and judgments
. . . .

28 U.S.C. § 157(b)(1).

Therefore, based upon statute:

It is well-settled that the bankruptcy court potentially has jurisdiction over four types of title 11 matters, pending referral from the district court: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.

*Marcus Hook*, 943 F.2d at 264 (footnote omitted).

■ In determining whether the United States Trustee's action to enforce the debtor's obligation to pay quarterly fees falls within the bankruptcy court's subject matter jurisdiction, this court need only decide whether the matter is at least "related to" the bankruptcy. *Id.* (citing *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987)).

■ As stated in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984):

[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 994 (citations omitted).[1]

■ In its opinion, the bankruptcy court noted its agreement with the United States

---

1. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), was effectively overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 116 S.

Control Techniques. 494 (1995). *See Donaldson v. Bernstein*, 104 F.3d 547, 553 n. 1 (3d Cir. 1997).

Trustee's assertion that the bankruptcy court treats the reorganized entity, which is all that remains in this case, as "a debtor" until the case is dismissed or closed. *Gryphon,* 204 B.R. at 466. The outcome of United States Trustee's action to collect quarterly fees from Gryphon in this case could alter the debtor's obligations and could conceivably have an effect on the estate being administered in bankruptcy. Thus, the United States Trustee's request to enforce its claim for post-confirmation fees is, at the very least, a proceeding related to the bankruptcy.

Moreover, the United States Trustee's request for quarterly fees arguably could be construed as "arising in" bankruptcy. Arising in proceedings have been defined as "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Matter of Wood,* 825 F.2d at 97. *See generally In re Simmons,* 205 B.R. 834, 838–40 (Bankr.W.D.Tex.1997). By the explicit provisions of section 1930(a)(6), the United States Trustee's claims to a quarterly fee could not arise outside of a bankruptcy case.

Furthermore, because section 1930(a)(6) necessarily and only applies to chapter 11 cases brought under title 11, *see* 28 U.S.C. § 1930(a)(6) (stating that "a quarterly fee shall be paid to the United States Trustee ... in each case under chapter 11 of title 11 ...."), a finding that an effort to collect quarterly fees under section 1930(a)(1) did not constitute a proceeding at least related to bankruptcy would be inconsistent with clearly expressed Congressional intent. Consequently, pursuant to 28 U.S.C. §§ 1334 and 157, the bankruptcy court has subject matter

jurisdiction over the United States Trustee's request for fees.

### B. *Post–Confirmation Authority of the Bankruptcy Court*

▓ Notwithstanding the bankruptcy court's subject matter jurisdiction pursuant to title 28, the bankruptcy court reasoned that it is without jurisdiction over the United States Trustee's request for quarterly fees because the jurisdiction of the bankruptcy court after confirmation of a chapter 11 plan is generally limited to matters regarding implementation and consummation of the confirmed plan pursuant to 11 U.S.C. § 1142(b). Moreover, the bankruptcy court concluded that with respect to matters other than those necessary for consummation of a confirmed plan, jurisdiction must be expressly reserved in the plan.

▓ Section 1142(b)[2] is a grant of authority to the bankruptcy court that channels, but does not abrogate, the bankruptcy court's jurisdiction post-confirmation.[3] Rather, "post-confirmation jurisdiction is appropriate when the matter is 'related-to' the bankruptcy case." *In re S.N.A. Nut Co.,* 206 B.R. 495, 500 (Bankr.N.D.Ill.1997). For example, courts will exercise jurisdiction over post-confirmation disputes if the matter sufficiently affects creditors' recoveries under a plan of reorganization. *See id.* (citing cases).

▓ The United States Trustee has a statutory claim. *See Gryphon,* 204 B.R. at 464. "A confirmed plan cannot bind the United States as to statutory obligations arising after confirmation." *In re Richardson Serv. Corp.,* 210 B.R. 332, 335 (Bankr.W.D.Mo. 1997) (citing *Holywell Corp. v. Smith,* 503 U.S. 47, 58–59, 112 S.Ct. 1021, 1027–28, 117 L.Ed.2d 196 (1992)). "Gryphon is required

---

**2.** Section 1142(b) states:
 The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.
 11 U.S.C. § 1142(b).

**3.** *See, e.g., Donaldson v. Bernstein,* 104 F.3d 547 (3d Cir.1997). In *Donaldson,* the bankruptcy

court reopened a closed case *sua sponte* pursuant to 11 U.S.C. §§ 350(b) and 105(a). *See id.* at 552. Appellants challenged the bankruptcy court's subject matter jurisdiction by contending that the confirmation of the plan eliminated the bankruptcy court's jurisdiction. *See id.* Under the particular circumstances of the case, the court of appeals concluded "that the adversary proceeding brought at this stage of the case satisfies the requirements of section 1334 because it relates back to the effectuation of the Chapter 11 proceeding." *Id.* at 553.

to pay all money collected ... to its creditors. There are no additional funds and no way of obtaining any." *Gryphon*, 204 B.R. at 464. Under this set of circumstances, any sums collected by the United States Trustee will directly affect the distribution of funds under the plan of reorganization. Because an action by the United States Trustee seeking to collect quarterly fees will affect creditors' recovery if the United States Trustee is successful, the matter is sufficiently "related to" the bankruptcy case for the bankruptcy court to hear the matter.

The bankruptcy court observed that "[t]he United States Trustee has not alleged that jurisdiction was retained to deal with claims not specified in the plan and arising post-confirmation." *Id.* at 463. However, retention of jurisdiction in the confirmed plan is not dispositive on the issue of the bankruptcy court's jurisdiction.

"[J]urisdiction cannot be conferred by consent." *Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851, 854 (3d Cir.1996). A retention of jurisdiction provision within a confirmed plan does not grant a bankruptcy court jurisdiction. *See In The Matter of Holly's, Inc.*, 172 B.R. 545, 555 (Bankr.W.D.Mich.1994). Similarly, the absence of a provision retaining jurisdiction in a confirmed plan does not deprive a bankruptcy court of jurisdiction. *See id.* Hence, the lack of a jurisdiction provision within the confirmed plan does not affect the bankruptcy court's jurisdiction to consider the request of the United States Trustee for quarterly fees.

The court appreciates the elegance of the bankruptcy court's solution to the concerns raised by Congress' amendment of section 1930(a)(6). *See generally In re Lancy*, 208 B.R. 481, 486–88 (Bankr.D.Ariz.1997). However, the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157, and pursuant to those statutory sources, the bankruptcy court has jurisdiction to adjudicate the United States Trustee's request for quarterly fees.

### IV. *Conclusion*

Accordingly, this 28 day of November, 1997, IT IS HEREBY ORDERED that the orders of the bankruptcy court are reversed, and the case is remanded to the bankruptcy court for further proceedings.