### In re CSC INDUSTRIES, INC. and Copperweld Steel Company, Debtors.

### Bankruptcy Nos. 93–41898, 93–41899.

United States Bankruptcy Court, N.D. Ohio.

April 3, 1998.

Joseph F. Hutchinson, Jr., Robert M. Stefancin, Akron, OH, for Copperweld Steel Co.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the motion of the United States Trustee ("UST") to either convert or dismiss the confirmed Chapter 11 case of CSC Industries, Inc. and Copperweld Steel Company ("Debtors") or, in the alternative, to compel payment of post-confirmation quarterly fees pursuant to 28 U.S.C. § 1930(a)(6). Kathryn A. Belfance, Trustee of the Copperweld Steel Company Liquidation Trust ("Liquidation Trustee"), filed objections to the UST's motion.

A hearing was held on the matter July 22, 1997. Andrew R. Vara, Esq. appeared on behalf of the UST. Robert M. Stefancin, Esq. appeared on behalf of the Liquidation Trustee. This is a core proceeding and the following constitutes the Court's findings and conclusions pursuant to FED.R.BANKR.P. 7052. For the reasons hereinafter stated, the Court overrules the UST's motion to convert or dismiss the confirmed Chapter 11 case. The Court sustains the UST's motion, in the alternative, to compel payment of the post-confirmation quarterly fees by the Liquidation Trustee.

## ISSUES

The UST asserts that because a final decree has not yet been entered, pursuant to 28 U.S.C. § 1930(a)(6), as amended, the Liquidation Trust is liable to pay post-confirmation quarterly fees. The Liquidation Trustee objects to the UST's motion arguing the Bankruptcy Court has not retained jurisdiction over the matter. The Liquidation Trustee also asserts that the payment of post-confirmation fees was not addressed in the confirmed plan. The Liquidation Trustee further argues that the Liquidation Trust is not responsible for such fees since it is not the debtor and the claim should only be enforced directly against Debtors. Finally, the Liquidation Trustee argues that imposition of post-confirmation fees is an unconstitutional modification of the confirmed plan.

## DISCUSSION

Prior to the 1996 Amendment, 28 U.S.C. § 1930(a)(6) quarterly fees were to be paid to the United States Trustee until a plan was confirmed or the case was converted or dismissed, whichever occurred first. As amended, § 1930(a)(6) reads, "a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." Because of ambiguity created as to which cases the amendment applied, a clarifying amendment was signed into law on September 30, 1996 which states that "the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans...." Omnibus Consolidated Appropriations Act, 1997, Pub.L. No. 104–208, § 101(a), 110 Stat. 3009 (1996). Many courts have since held that the amendment applies retroactively to cases in which there is a confirmed plan, although plan confirmation occurred prior to the amendment date. *See, e.g., United States v. Hudson Oil Co., Inc. (In re Hudson Oil Co., Inc.)*, 210 B.R. 380 (D.Kan.1997); *In re Corporate Business Prods., Inc.*, 209 B.R. 951 (Bankr.C.D.Cal. 1997); *Robiner v. Beechknoll Nursing Homes, Inc. (In re Beechknoll Nursing Homes)*, 216 B.R. 925, 926–27 (S.D.Ohio 1997); *In re Huff*, 207 B.R. 539 (Bankr. W.D.Mich.1997); *Ostrovsky v. Sedro–Woolley Lumber Co., (In re Precision Autocraft, Inc.)*, 207 B.R. 692 (W.D.Wash.1997).

■ The intent of Congress in making the original change to § 1930(a)(6), whereby quarterly fees would be imposed until either dismissal or conversion, was to "provide the resources necessary to ensure adequate post-confirmation oversight and supervision of Chapter 11 cases[,]" due in part to the fact that asset cases often take years to administer, during which time continued involvement of the UST is required. H.R. REP. NO. 104–196, at 34 (1995). As stated in the Joint Explanatory Statement of the House of Representatives Conference Report, "the confer-

ees agree to include an extension of post-confirmation quarterly fee payments made under Chapter 11 as proposed in both the House and Senate bills and expect that these fees will apply to all pending Chapter 11 cases with confirmed reorganization plans." H.R. CONF. REP. NO. 104–378, at 188 (1995). *See also In re Hudson Oil Co., Inc.*, 210 B.R. at 383. Although not specifically addressed by the Liquidation Trustee in her objections, it is critical to understand that Congress, in amending § 1930(a)(6), intended that quarterly fees be paid post-confirmation, regardless of the confirmation status of the case. This Court holds that based on the following, the Liquidation Trustee is responsible to pay post-confirmation quarterly fees out of the Liquidation Trust since not only did Congress intend such fees be paid by Chapter 11 debtors prior to conversion or dismissal, but also that the Liquidation Trust has essentially stepped into the shoes of the original debtor and is therefore liable for any such fees which may be imposed.

The Liquidation Trustee argues the Bankruptcy Court has not retained jurisdiction over the issue of post-confirmation fees in that neither the plan nor the Liquidation Trust provides for payment of such fees, relying upon *In re Gryphon at the Stone Mansion, Inc.*, 204 B.R. 460 (Bankr. W.D.Pa.1997). The UST asserts jurisdiction has been retained by the Court under the confirmed plan to, among other things, enter orders necessary to consummate plan provisions, resolve any cases or controversies regarding consummation, interpretation or enforcement of plan provisions, determine other matters which may arise in connection with or relating to the plan and oversee the Liquidation Trust, Liquidation Trustee and Trust Assets.

*In re Gryphon*, in which the bankruptcy court concluded that jurisdiction was limited to enforcing provisions of confirmed plans and that the court lacks jurisdiction when post-confirmation fees are not addressed in the plan, has been reversed. *See United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 216 B.R. 764, 766 (W.D.Pa.1997). The district court analyzed jurisdiction based upon whether payment of post-confirmation

fees is related to a bankruptcy case. *Gryphon,* 216 B.R. at 768–69. Since the collection of post-confirmation fees would

> directly affect the distribution of funds under the plan of reorganization [and] an action by the United States Trustee seeking to collect quarterly fees will affect creditors' recovery if the United States Trustee is successful, the matter is sufficiently 'related to' the bankruptcy case for the bankruptcy court to hear the matter.

*Id.* The court also stated that although jurisdiction may be retained by a plan, this alone is not dispositive of the bankruptcy court's jurisdiction. As such, "[a] retention of jurisdiction provision within a confirmed plan does not grant a bankruptcy court jurisdiction [citations omitted]. Similarly, the absence of a provision retaining jurisdiction in a confirmed plan does not deprive a bankruptcy court of jurisdiction." *Id.*

■ This Court, adopting the district court's holding in *Gryphon,* concludes that payment of post-confirmation fees is related to the bankruptcy case. Despite no specific provision in the confirmed plan regarding the retention of jurisdiction, we conclude that the absence of such provision does not preclude this Court's jurisdiction. The Court has jurisdiction to decide the matter regarding the UST's motion for payment of post-confirmation quarterly fees.

The Liquidation Trustee argues, relying upon *In re Uncle Bud's Inc.,* 206 B.R. 889 (Bankr.M.D.Tenn.1997), that because payment of post-confirmation quarterly fees was not addressed in either the plan or the Liquidation Trust, the Trust is not responsible for paying the fees. The *In re Uncle Bud's* court decided that once a plan is confirmed, the United States Trustee is bound by the provisions contained therein. If no provisions are made regarding payment of post-confirmation quarterly fees in plans with effective dates prior to the 1996 amendment of 28 U.S.C. § 1930(a)(6), "whatever is decided in the confirmed plan is the law of the case[,]" and therefore post-confirmation fees will not be imposed. *In re Uncle Bud's,* 206 B.R. at 902. The primary reason given by the court was since the United States Trustee and debtors are free to negotiate the

terms of a plan, including the payment of post-confirmation fees, the plan, as negotiated, whether it contains such a provision or not, is enforceable. *Id.*

■ This Court is reluctant to adopt the *In re Uncle Bud's* decision since plans confirmed prior to the 1996 amendment of 28 U.S.C. § 1930(a)(6) could not contemplate a congressional act changing the structure of post-confirmation quarterly fee payments. Rather, the Court relies upon *In re A.H. Robins Co., Inc.,* 219 B.R. 145 (Bankr. E.D.Va.1998). In disagreement with *In re Uncle Bud's,* the *In re A.H. Robins'* court found "it ludicrous that some courts would allow the payment of UST fees only if the debtor's plan provided for such payments." *In re A.H. Robins Co., Inc.,* 219 B.R. at 148. Debtors' plan in the present case was confirmed on September 28, 1995, well before the amendment was enacted. The *In re A.H. Robins'* court determined post-confirmation quarterly fees are "an 'administrative expense attendant to an open case,' … and such fees are no different from taxes arising post confirmation, or any similar post-confirmation expenses not specified in the plan." *Id.* (citations omitted). This Court agrees and concludes that despite omission from the plan or provisions of the Liquidation Trust, the Trust is responsible for post-confirmation quarterly fee payments to the UST.

The Liquidation Trustee also asserts, under a strict reading of 28 U.S.C. § 1930(a)(6), that the party which commences a case is the one responsible for payment of post-confirmation quarterly fees and pursuing a claim for such fees can be enforced only directly against the debtor, not the confirmed plan. The Court disagrees and concludes that the Liquidation Trust is responsible for payment of post-confirmation fees. The Liquidation Trustee relied upon *In re Lancy,* 208 B.R. 481 (Bankr.D.Ariz.1997) and *In re Gryphon at the Stone Mansion, Inc.,* 204 B.R. 460 (Bankr.W.D.Pa.1997) for the proposition that a claim for post-confirmation fees must be pursued directly against Debtors. As stated in *In re Lancy,* regarding the issue of which entity is responsible for payment, "Gryphon avoided that quagmire … [and] simply held 'the United States Trustee has no remedy in

the bankruptcy court for fees sought ... [c]reditors whose claims arise post-confirmation must pursue redress in other forums.'" *In re Lancy*, 208 B.R. at 487 (quoting *In re Gryphon*, 204 B.R. at 469). This Court rejects the Liquidation Trustee's argument particularly in light of the district court's reversal of *In re Gryphon* and holding that post-confirmation fee issues are matters within the jurisdiction of the bankruptcy courts.

 The Liquidation Trustee also argues that since the Liquidation Trust is not the party which commenced the bankruptcy case, it is not responsible for payment of post-confirmation quarterly fees. This issue was addressed in *In re Home Centers, Inc.*, wherein the court found that based upon the language of the trust and the plan, the trust was essentially a "liquidating and disbursing agent for the Debtor, and would have to pay the fees if they applied to the Debtor." *In re Home Centers, Inc.*, Case No. 92–50618, at 6 (Bankr.N.D.Ohio July 8, 1997). The trust language relied upon by the court to impose responsibility for the quarterly fees was that the trustee "will pay all costs and expenses of administering the Trust and the Plan ... and agrees to undertake obligations created hereunder, including the obligation to make distributions required by the plan." *Id.* Other courts have held that the party responsible for payment of post-confirmation fees need not be the original debtor. *See In re Corporate Business Prods., Inc.*, 209 B.R. 951 (Bankr.C.D.Cal.1997). A liquidation trust will also be treated as a debtor if so provided in the trust provisions and will therefore be responsible for any fees which may be applicable to the debtor. *See United States v. Hudson Oil Co., Inc. (In re Hudson Oil Co., Inc.)*, 210 B.R. 380, 384 n. 3 (D.Kan. 1997) (quoting *In re Hudson Oil Co., Inc.*, 200 B.R. 52, 53 (Bankr.D.Kan.1996)) (although bankruptcy decision was reversed, issue regarding liquidation trust's liability for payment of post-confirmation fees was not disturbed as no timely appeal was made on that issue).

 In the case presently before the Court, according to the plan, the Liquidation Trust is the "successor in interest to and representative of the Estate ... [and] the Liquidation Trust shall pay the charges incurred on or after the Effective Date for disbursements, expenses or related support services without application to the Bankruptcy Court, ...." (Second Amended Joint Plan of Reorganization of CSC Industries, Inc. and Copperweld Steel Company, Art. V ¶ B.3.a.). It would appear that the Liquidation Trust has stepped into the shoes of Debtors as successor in interest. Based on the language requiring the Trust to pay all charges incurred after the effective date for expenses, disbursements and related services, the Court finds that the Liquidation Trustee is responsible for payment of post-confirmation quarterly fees.

 The Court finally concludes that requiring the Liquidation Trust to pay post-confirmation quarterly fees to the UST is neither an impermissible modification to the plan nor a violation of the "separation of powers" doctrine, as argued by the Liquidation Trustee. Courts have found that requiring payment of post-confirmation quarterly fees does not amount to a modification of the plan, "but rather is an administrative expense attendant to an open case." *In re McLean Square Assocs., G.P.*, 201 B.R. 436, 441 (Bankr.E.D.Va.1996). *See also In re Maruko, Inc.*, 219 B.R. 567, 570 (S.D.Cal. 1998) (quarterly fee payment is administrative expense); *United States Trustee v. CF&I Fabricators of Utah (In re CF&I Fabricators of Utah)*, 214 B.R. 16 (D.Utah 1997) (quarterly fees are administrative expenses necessary to an open case). Rather than an attempt by the UST to modify an already confirmed plan, a motion for quarterly fees is merely "seeking to collect a post-confirmation obligation of the debtor." *In re CF & I*, 214 B.R. at 19. The imposition of post-confirmation quarterly fees is also not a violation of the Constitution's separation of powers doctrine, as asserted by the Liquidation Trustee. *See Id.* at 20; *In re Hudson Oil Co., Inc.*, 210 B.R. at 385. As stated by the *In re CF & I* court, "[section] 1930(a)(6), as

amended, does not constitute an impermissible usurpation of the federal courts' exclusive power to decide cases." *In re CF & I,* 214 B.R. at 20. The Court therefore finds that imposing post-confirmation quarterly fees upon the Liquidation Trust is neither an attempt to modify the plan nor a violation of separation of powers, but instead such fees are to be considered an administrative expense for which the Liquidation Trust is responsible.

### CONCLUSION

Based on the foregoing, the UST's motion to convert or dismiss the confirmed Chapter 11 case of Debtors or, in the alternative, to compel payment of post-confirmation quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) is overruled in as much as the Court will neither dismiss nor convert Debtors' Chapter 11 case. The motion is sustained with regard to payment of post-confirmation fees by the Liquidation Trust. This Court directs the Liquidation Trustee to remit payment of the post-confirmation quarterly fees to the UST accumulated from and after January 27, 1996 to present and continue to remit such payments until Debtors' Chapter 11 case is converted or dismissed, the case is closed or the payments under the plan are completed, whichever occurs first.

An appropriate order shall enter.